UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 26-cv-21413

KATERYNA SHAMANSKA,

       Plaintiff,

vs.

THE INDIVIDUALS, BUSINESS
ENTITIES, AND UNINCORPORATED
ASSOCIATIONS IDENTIFIED ON
SCHEDULE "A",

       Defendants.

## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Plaintiff, KATERYNA SHAMANSKA ("Plaintiff" or "Shamanska") by and through their undersigned counsel, hereby sue Defendants, the Individuals, Partnerships, and Unincorporated Associations identified in the caption, which are set forth on Schedule "A" (collectively "Defendants"), and allege as follows:

## NATURE OF THE CASE

1. This is an action for willful copyright infringement. Plaintiff is an experienced, self-taught graphic designer, illustrator, and pattern designer with fifteen years of experience, utilizing Illustrator, Procreate, Photoshop, and Wacom tablets to create her artworks. Plaintiff's artworks are inspired by the vibrant vibes of 70's psychedelia, retro aesthetics, the elegance of Art Nouveau, and the spirit of the hippie generation. Plaintiff's art reflects her journey and deepens her connection to her craft, with each artwork serving as a personal milestone.

2. Like many creators of original, artistic content, Plaintiff is confronted with online infringement by pirate Internet websites and e-commerce stores operating under Defendants' individual, partnership, and/or business association names identified on Schedule "A" (the

"Defendant E-commerce Store Names"). Through their online operations under the Defendant E-commerce Store Names, each Defendant has advertised and held out to the public that they have created and own Plaintiff's Copyrighted Work over the Internet in order to illegally profit from Plaintiff's intellectual property, without Plaintiff's consent.

3. Defendants have, without authorization, reproduced, displayed, advertised, offered to sell, and/or sold Plaintiff's Copyrighted Work through their respective online operations.

4. On information and belief, Defendants profit from their infringement at the expense of Plaintiff. Defendants are responsible for many infringements of Plaintiff's Copyrighted Work. Through these infringements, Defendants are causing substantial harm to Plaintiff, who has invested money, time, and creative energies to produce the copyright-protected works.

5. The Defendants further share unique identifiers, such as design elements and similarities of the unauthorized products offered for sale, establishing a logical relationship between them and suggesting that Defendants' illegal operations arise out of the same transaction, occurrence, or series of transactions or occurrences. Defendants attempt to avoid liability by going to great lengths to conceal both their identities and the full scope and interworking of their illegal operation. Plaintiff is forced to file this action to combat Defendants' piracy of the Plaintiff's copyrighted artwork. Plaintiff has been and continues to be irreparably damaged through loss of control over the creative content of the valuable copyright, reputation, goodwill, the quality, and ability to license as a result of Defendants' actions and seeks injunctive and monetary relief.

6. Defendants' online operations are classic examples of pirate operations, having no regard whatsoever for the rights of Plaintiff and willfully infringing Plaintiff's intellectual property. As a result, Plaintiff requires this Court's intervention if any meaningful stop is to be put to Defendants' piracy.

## JURISDICTION AND VENUE

7. This is an action seeking damages and injunctive relief for copyright infringement under the Copyright Act, 17 U.S.C. §§ 101, *et seq*.

8. This Court has subject matter jurisdiction over this action pursuant to the Copyright Act 17 U.S.C. §§ 101, *et seq*., and 28 U.S.C. §§ 1331 and 1338.

9. Each Defendant is subject to personal jurisdiction in this District because each Defendant has targeted business activities towards consumers throughout the United States, including within the State of Florida, through their unauthorized advertisement, promotion, distribution, display, offer for sale, and/or sale of copyright-protected content via their unauthorized Internet-based e-commerce stores operating under the Defendant E-commerce Store Names which are fully accessible in this District and, upon information and belief, infringe Plaintiff's intellectual property rights in this District. Additionally, upon information and belief, Defendants cause harm to Plaintiff's business within this District by diverting customers in this District and within the State of Florida as a result of their unauthorized Internet-based activities. Defendants, through their illegal activities, are directly and unfairly competing with Plaintiff's economic interests in the State of Florida and cause Plaintiff harm within this jurisdiction. Defendants are further subject to personal jurisdiction in this District under Federal Rule of Civil Procedure 4(k)(2) based on their overall contacts with the United States, and because (i) Defendants are not subject to jurisdiction in any state's court of general jurisdiction; and (ii) exercising jurisdiction is consistent with the United States Constitution and laws.

10. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because Defendants are, on information and belief, non-resident aliens, and thus may be sued in "any judicial district in which any defendant is subject to the Court's personal jurisdiction with respect to such an

action," as set forth above. Venue is also proper in this District pursuant to 28 U.S.C. § 1391(c) because a "defendant not resident in the United States may be sued in any judicial district." Finally, venue is proper in this Court pursuant to 28 U.S.C. § 1400(a), which states that "civil actions, suits, or proceedings arising under any Act of Congress relating to copyrights…may be instituted in the district in which the defendant or his agent resides or may be found." Each Defendant may be found in this district by their unauthorized advertising, displaying, offering to sell, selling, and/or distributing of pirated products into this District, as they are subject to personal jurisdiction herein.

## THE PLAINTIFF

11.   Plaintiff, Kateryna Shamanska, is the owner of the federal copyright registrations that protect the creative content of the Copyrighted Work.

12.   This action has been filed by Plaintiff to combat online copyright infringers who trade upon Plaintiff's reputation, goodwill, and valuable copyright by selling and/or offering for sale products in connection with Plaintiff's illustrations. In addition, the Defendants are selling unauthorized products that are based on and derived from the copyrighted subject matter of Plaintiff's illustrations.

13.   The rise of online retailing, coupled with the ability of e-commerce sites to hide their identities, has made it nearly impossible for Plaintiff to protect her Copyrighted Work. The aggregated effect of the mass pirating that is taking place has overwhelmed Plaintiff and her ability to police her rights against hundreds of anonymous defendants who are selling pirated products.

14.   Plaintiff suffers ongoing, daily, and sustained violations of her copyright at the hands of infringers and pirates, such as Defendants herein, who wrongfully reproduce, display, and distribute pirated versions of Plaintiff's Copyrighted Work to generate substantial illicit profits across their Internet e-commerce stores operating under Defendant E-commerce Store Names.

15. To combat the indivisible harm caused by the concurrent actions of Defendants and others engaging in similar conduct, Plaintiff expends significant resources in connection with its copyright enforcement efforts. The exponential growth of infringement over the Internet, including through online marketplaces and e-commerce platforms, has created an environment that requires Plaintiff to expend resources across a wide spectrum of efforts to protect the Copyrighted Work.

## THE DEFENDANTS

16. Defendants are comprised of individuals, partnerships, and/or business entities of unknown makeup, which, upon information and belief, reside and/or operate in foreign jurisdictions, redistribute products from the same or similar sources in those locations, and/or ship their goods from the same or similar sources to the United States. Defendants have the capacity to be sued pursuant to Federal Rule of Civil Procedure 17(b). Upon information and belief, each Defendant targets their business activities toward consumers throughout the United States, including within Florida, through the simultaneous operation of at least the Internet e-commerce stores operating under the Defendant E-commerce Store Names, which are fully accessible in this District and throughout the United States.

17. Upon information and belief, Defendants use aliases in conjunction with the operation of their businesses, including but not limited to those identified by Defendant Number on Schedule "A".

18. Upon information and belief, Defendants are directly and personally contributing to and engaging in copyright infringement, as alleged herein.

19. Defendants are part of an ongoing effort to reproduce and sell illegal copies of Plaintiff's Copyrighted Work, which expands the marketplace for pirated goods while shrinking the legitimate marketplace for Plaintiff's genuine Copyrighted Work and products. The natural

and intended result of Defendants' combined actions is the erosion and destruction of the goodwill associated with the Plaintiff's name and Copyrighted Work, and the destruction of the legitimate market sector in which Plaintiff operates. In addition, Defendants' unauthorized uses of the Copyrighted Work have caused Plaintiff to suffer a loss of attribution as well as misattribution.

20. On information and belief, Defendants directly engage in copyright infringement by (i) reproducing, advertising, promoting, displaying, offering for sale, and selling, infringing versions of Plaintiff's Copyrighted Work without authorization to consumers within the United States and within this District through the fully accessible Internet based e-commerce stores using, at least, the Defendant E-commerce Store Names, as well as additional e-commerce store or seller identification aliases not yet known to Plaintiff, and other online operations, and (ii) creating and maintaining an illegal marketplace for the purpose of diverting business from Plaintiff. Defendants have purposefully directed some portion of their illegal activities towards consumers in the State of Florida through the advertisement, display, offer to sell, sale, and/or shipment of infringing Kateryna Shamanska goods into the State. On information and belief, Defendants' Internet-based activities are accessible in the Southern District of Florida, and infringements of Plaintiff's intellectual property are viewable thereon in the Southern District of Florida.

21. On information and belief, Defendants have registered, established, or purchased, and maintained their respective Internet e-commerce stores operating under the Defendant E-commerce Store Names. On information and belief, Defendants may have engaged in fraudulent conduct with respect to the registration or maintenance of the Defendant E-commerce Store Names by providing false and/or misleading information to the relevant e-commerce marketplace platform where they offer to sell and/or sell for the sole purpose of engaging in illegal activities.

6

22. On information and belief, Defendants will continue to register, transfer, and/or acquire new e-commerce names and online stores in connection therewith, as well as related payment accounts, for the purpose of infringing Plaintiff's intellectual property unless permanently enjoined. Moreover, on information and belief, Defendants will continue to maintain and grow their illegal operations at Plaintiff's expense unless permanently enjoined.

23. Defendants' entire Internet-based businesses amount to nothing more than illegal operations established and operated to infringe the intellectual property rights of Plaintiff.

24. Defendants' Defendant E-commerce Store Names, business names, associated payment accounts, and any other alias e-commerce stores or seller identification names used in connection with the sale of infringing goods using Plaintiff's copyright are essential components of Defendants' infringing activities and are a significant part of the means by which Defendants further their infringing scheme and cause harm to Plaintiff in that they cause and effect the infringement as described herein. Moreover, Defendants are using Plaintiff's Copyrighted Work to drive Internet consumer traffic to their e-commerce stores at Plaintiff's expense.

## FACTUAL ALLEGATIONS

### A. *Plaintiff's Business and Copyright.*

25. Plaintiff is the owner of United States Copyright Registration Nos. VA 2-453-002 (the "Copyrighted Work") and the registrations are attached hereto as **Exhibit 1**. Upon information and belief, the copyright has an effective date that predates the Defendants' acts of copyright infringement.

26. The Registrations for the Copyrighted Work are valid, subsisting, and in full force and effect. *See* Exhibit 1.

7

27. Plaintiff has expended substantial time, money, and other resources in developing, advertising, and otherwise promoting the Copyrighted Work and goodwill associated therewith. As a result, products associated with the Copyrighted Work are recognized and exclusively associated by consumers, the public, and the trade as products authorized by Plaintiff (the "Kateryna Shamanska Products").

28. Plaintiff has made efforts to protect Plaintiff's interests in and to the Copyrighted Work. No one other than Plaintiff and Plaintiff's licensees is authorized to manufacture, import, export, advertise, create derivative works, offer for sale, or sell any goods utilizing the Copyrighted Work without the express written permission of Plaintiff.

B.  *Defendants' Internet Operations and Infringing Activities.*

29. Defendants are each promoting, advertising, displaying, distributing, offering for sale, and/or selling goods in interstate commerce bearing and/or using infringing versions of Plaintiff's Copyrighted Work (the "Infringing Goods") through at least the Internet e-commerce stores operating under the Defendant E-commerce Store Names.

30. In an effort to illegally profit from the creative content of the Copyrighted Work, Defendants have designed their Internet e-commerce stores operating under the Defendant E-commerce Store Names to appear to be selling authorized Kateryna Shamanska products. Upon information and belief, Defendants facilitate sales by designing the Internet e-commerce stores operating under the Defendant E-commerce Store Names so that they appear to unknowing consumers to be authorized online retailers, outlet stores, or wholesalers selling genuine Kateryna Shamanska products. Defendants, thus, are each using the Copyrighted Work to initially attract online consumers and drive them to Defendants' Internet e-commerce stores operating under the Defendant E-commerce Store Names.

31. Plaintiff used the Copyrighted Work extensively and continuously before Defendants began displaying, advertising, offering for sale, selling, and/or distributing infringements, and/or derivatives of the Copyrighted Work.

32. Defendants' use of the Copyrighted Work, including the promotion and advertisement, reproduction, distribution, sale, and offering for sale of their Infringing Goods, is without Plaintiff's consent or authorization.

33. Defendants' Infringing Goods are not authorized or genuine Kateryna Shamanska goods. Defendants are actively using, promoting, and otherwise advertising, displaying, distributing, selling, and/or offering for sale their Infringing Goods with the knowledge and intent that such goods will be mistaken for the genuine goods offered for sale by Plaintiff, despite Defendants' knowledge that they are without authority to use the Copyrighted Work. The net effect of Defendants' actions is likely to confuse consumers who will believe all of Defendants' goods offered for sale in or through Defendants' Internet e-commerce stores operating under the Defendant E-commerce Store Names are genuine goods originating from, associated with, and/or approved by Plaintiff. This deception erodes consumer trust, Shamanska's image, personal brand, the goodwill and attribution associated with Plaintiff's artwork and genuine products, and undermines the integrity of Plaintiff's licensing efforts.

34. Defendants are concurrently employing and benefiting from substantially similar advertising and marketing strategies based, in large measure, upon an unauthorized use of pirated and infringing versions of the Copyrighted Work. Specifically, Defendants are using pirated and infringing versions of the Copyrighted Work to make their e-commerce stores selling unauthorized goods appear more relevant and attractive to consumers searching for genuine Plaintiff products and information online. By their actions, Defendants are jointly contributing to the creation and

maintenance of an unlawful marketplace operating in parallel to the legitimate marketplace for Plaintiff's genuine goods. Defendants are causing individual, concurrent, and indivisible harm to Plaintiff and the consuming public by (i) depriving Plaintiff and authorized third parties of their right to fairly compete for online search result priorities and reducing the visibility of Plaintiff's genuine goods on the Internet, (ii) causing an overall degradation of the value of the goodwill and attribution associated with the Copyrighted Work, and/or (iii) increasing Plaintiff's overall cost to market their genuine products and educate consumers about their art via the Internet.

35. On information and belief, and at all times relevant hereto, Defendants in this action have had full knowledge of Plaintiff's ownership of the Copyrighted Work, including its exclusive rights to use, reproduce, display, distribute, and license such intellectual property and the goodwill associated therewith. As such, Defendants are engaging in unlawful infringing activities knowingly and intentionally or with reckless disregard or willful blindness to the Plaintiff's rights for the purpose of trading on Plaintiff's goodwill and reputation.

36. Further, Defendants operate multiple credit card merchant accounts and third-party accounts behind layers of payment gateways so that they can continue their operation in spite of Plaintiff's enforcement efforts. Upon information and belief, Defendants maintain offshore bank accounts and regularly move funds from their U.S. accounts to offshore bank accounts outside the jurisdiction of this Court.

37. Defendants' payment and financial accounts are being used by Defendants to accept, receive, and deposit profits from Defendants' infringing activities connected to their Internet e-commerce stores operating under the Defendant E-commerce Store Names and any other alias e-commerce store names being used and/or controlled by them.

38. Further, Defendants, upon information and belief, are likely to transfer or secrete their assets to avoid payment of any equitable relief, such as the accounting and disgorgement of profits, awarded to Plaintiff.

39. Plaintiff's representatives have reviewed Defendants' infringing use of Plaintiff's Copyrighted Work and determined that the use of the Works by each Defendant is without consent or authorization.

40. Plaintiff has no adequate remedy at law.

41. Plaintiff is suffering irreparable and indivisible injury and has suffered substantial damages as a result of Defendants' unauthorized and unlawful use of the Copyrighted Work. If Defendants' intentional infringing activities are not permanently enjoined by this Court, Plaintiff and the consuming public will continue to be harmed while Defendants wrongfully earn a substantial profit.

42. The harm and damage sustained by Plaintiff has been directly and proximately caused by Defendants' wrongful reproduction, display, advertisement, promotion, offers to sell, distribution, and sale of their Infringing Goods.

## CLAIM FOR RELIEF

### COUNT I – DIRECT INFRINGEMENT OF COPYRIGHT IN VIOLATION OF THE COPYRIGHT ACT (17 U.S.C. §§ 101 *et seq.*)

43. Plaintiff hereby adopts and incorporates by reference the allegations set forth in the above paragraphs as if fully set forth herein.

44. Plaintiff has registered and owns the copyright in and to the work identified on Table "A" hereto and in Exhibit 1.

45. Defendants have copied, reproduced, displayed, offered to sell, sold, and distributed Plaintiff's Copyrighted Work through their Internet e-commerce stores operating under

the Defendant E-commerce Stores as part of an ongoing illegal enterprise. This illegal enterprise, without injunctive relief, will continue through Internet e-commerce stores operating under the Defendant E-commerce Stores, as well as through other e-commerce stores owned now or in the future by the Defendants.

46. Defendants are directly liable for infringing Plaintiff's Copyrighted Work under the Copyright Act, 17 U.S.C. §§ 106(1), (2), (3), (5) & 501.

47. Without authorization from Plaintiff, or right under law, Defendants have directly infringed Plaintiff's Copyrighted Work by their reproduction, display, offer to sell, sale, and distribution of infringing products derived from those works through their Internet e-commerce stores operating under the Defendant E-commerce Store Names to consumers across the United States.

48. Defendants have actual and constructive knowledge or should have knowledge of their infringement of Plaintiff's Copyrighted Work for at least the reason that they advertise and promote their Infringing Goods online in direct competition with Plaintiff.

49. The foregoing acts of infringement have been willful, intentional, and purposeful, in disregard of and indifferent to Plaintiff's rights.

50. As a direct and proximate result of Defendants' infringement of Plaintiff's exclusive rights, Plaintiff is entitled to actual damages as well as Defendants' profits pursuant to 17 U.S.C. § 504(b).

51. Defendants' unlawful actions have caused and are continuing to cause unquantifiable and irreparable harm and unquantifiable damages to Plaintiff and are unjustly enriching Defendants at Plaintiff's expense.

52. Alternatively, Plaintiff is entitled to the maximum statutory damages in the amount of $150,000.00 per infringement, pursuant to 17 U.S.C. § 504(c), or such other amount as may be proper pursuant to 17 U.S.C. § 504(c).

53. Plaintiff is further entitled to its attorneys' fees and full costs pursuant to 17 U.S.C. § 505.

54. In addition, Plaintiff is entitled to injunctive relief, as set forth below, because of the continuing infringement of Plaintiff's Copyrighted Work, the significant threat of future infringement, loss of attribution, and loss of Plaintiff's ability to control how the Copyrighted Work is used.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment and an award of equitable relief and monetary relief against Defendants as follows:

A. Entry of a permanent injunction pursuant to 17 U.S.C. § 502(a) and Federal Rule of Civil Procedure 65 enjoining Defendants, their agents, representatives, servants, employees, and all those acting in concert or participation therewith from:

    a. copying, advertising, promoting, displaying, and/or distributing any goods using infringing versions of Plaintiff's Copyrighted Work; from using any reproduction, infringement, copy, or colorable imitation of the Copyrighted Work in connection with the publicity, promotion, display, advertising, or distribution of any products or services by Defendants or any content by Defendants;

    b. creating, maintaining, operating, joining, and participating in, including providing financial services, technical services, or other support to, Defendants in connection

          with the reproduction, display, sale, and distribution of non-genuine goods using infringing versions of the Copyrighted Work;

    c. hosting, facilitating access to, or providing any supporting service to any and all e-commerce stores, including but not limited to the Internet e-commerce stores operating under the Defendant E-commerce Store Names, through which Defendants engage in the promotion, display, offering for sale, and/or sale of goods using pirated and/or infringing versions of Plaintiff's Copyrighted Work;

    B.    Entry of an order authorizing Plaintiff to serve the injunction on the e-commerce store's operators, administrators, registrars, and/or privacy protection services for the Internet e-commerce stores operating under the Defendant E-commerce Store Names to disclose to Plaintiff the true identities and contact information for the registrants of the Internet e-commerce stores operating under the Defendant E-commerce Store Names;

    C.    Entry of an order requiring each Defendant to pay Plaintiff for all profits and damages resulting from their copyright infringement and infringing activities, together with appropriate interest thereon; that Defendants be required to account to Plaintiff for, and disgorge to Plaintiff, and to pay to Plaintiff, all the gains, profits, savings and advantages realized by them from their acts of copyright infringement described above; or, at Plaintiff's election be awarded statutory damages from each Defendant in the amount of one hundred and fifty thousand dollars ($150,000.00) per each registered copyrighted work infringed, as provided by 17 U.S.C. § 504(c), enhanced to reflect the willful nature of their infringement, instead of an award of actual damages or profits, and be awarded its costs and disbursements incurred in this action, including reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

      D.      Entry of an Order that, upon Plaintiff's request, any advertising services, financial institutions, payment processors, banks, escrow services, money transmitters, and their related companies and affiliates, identify and restrain all funds, up to and including the total amount of judgment, in all financial accounts, advertising revenue accounts, sub-accounts, or money transfer systems used in connection with the Defendants infringing activities, or other alias names used by Defendants presently or in the future, as well as any other related accounts of the same customer(s) and any other accounts which transfer funds into the same financial institution, account(s), to be surrendered to Plaintiff in partial satisfaction of the monetary judgment entered herein;

      E.      Entry of an order requiring each Defendant, at Plaintiff's request, to pay the cost necessary to correct any misattribution or erroneous impression the consuming public may have received or derived concerning the nature, characteristics, or qualities of their Infringing Goods, including, without limitation, the placement of corrective advertising and providing written notice to the public;

      F.      Entry of an order awarding Plaintiff's reasonable attorneys' fees and costs;

      G.      Entry of an order requiring Defendants to pay prejudgment interest according to law; and

      H.      Entry of an order for such other and further relief as the Court may deem proper and just.

DATED: March 3, 2026						Respectfully submitted,

								*/s/ Keith A. Vogt*
								Keith A. Vogt (Bar No. 1036084)
								Keith A. Vogt PLLC
								1820 NE 163rd Street, Suite #306
								North Miami Beach, Florida 33162
								Telephone: 312-971-6752
								E-mail: keith@vogtip.com

								***ATTORNEY FOR PLAINTIFF***

**TABLE "A'**
**PLAINTIFF'S FEDERALLY REGISTERED COPYRIGHT**

| Title of Work | Registration Number | Registration Date | Owner of Copyrighted Work | Type of Copyrighted Work |
|---|---|---|---|---|
| Victorian flowers Birds and berries | VA 2-453-002 | April 11, 2025 | Kateryna Shamanska | 2-D artwork |