UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 26- 21413-CIV-DIMITROULEAS

KATERYNA SHAMANSKA,

        Plaintiff,

vs.

THE INDIVIDUALS, BUSINESS ENTITIES,
AND UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE A,

        Defendants.

_____/

## <mark>UNSEALED</mark> ORDER DENYING PLAINTIFF'S EX PARTE MOTION FOR ORDER AUTHORIZING ALTERNATE SERVICE OF PROCESS ON DEFENDANTS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(f)(3)

THIS CAUSE is before the Court on Plaintiff's *Ex Parte* Motion for Order Authorizing Alternate Service of Process on Defendant Pursuant to Federal Rule of Civil Procedure 4(f)(3), filed May 26, 2026 (the "Motion") [DE 11](sealed). The Court has carefully considered the Motion [DE 11] and the record and is otherwise fully advised in the premises.

On March 6, 2026, the Court entered an Omnibus Order Regarding Schedule "A" Causes of Action ("Order") [DE 4]. In that Order, the Court detailed requirements for motions for alternative service:

> Any motion for alternate service upon Defendants must state what methods Plaintiffs have undertaken to effectuate service. A motion for alternate service will not be granted where a plaintiff does not provide evidence or affidavits to show what efforts Plaintiffs have undertaken to determine whether the addresses it has on file for **EACH** Defendant are actually associated with **EACH** Defendant. *See, e.g.*, *Zuru (Singapore) Pte., Ltd. v. Individuals Identified on Schedule A Hereto*,

> No. 22-2483, 2022 WL 14872617, at *2 (S.D.N.Y. Oct. 26, 2022) (finding alternative process under Rule 4(f)(3) proper where plaintiff "conducted further online research, sent mail to the addresses, and conducted in-person visits" to determine whether physical addresses provided by Amazon were accurate).

*See* Order [DE 4] at pp. 2-3. Plaintiff's *Ex Parte* Motion for Order Authorizing Alternate Service of Process on Defendant Pursuant to Federal Rule of Civil Procedure 4(f)(3) [DE 11] fails to satisfy these requirements. The Motion entirely fails to provide the Court with any factual detail with respect to any actual efforts undertaken by Plaintiff and/or those acting on Plaintiff's behalf to serve Defendants via their addresses.

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's Ex Parte Motion for Order Authorizing Alternate Service of Process on Defendant Pursuant to Federal Rule of Civil Procedure 4(f)(3) [DE 11] is **DENIED.**

The Court expects that any future motion for alternate service will state—up front and in the initial motion, rather than buried in declarations citing further exhibits—the specific efforts undertaken to determine that the identified addresses lack a connection to the defendant.[1] For example, conducting in person visits, attempting to make a food delivery or sending a letter to the address and failing to receive any indication of receipt or having the letter returned to sender may suffice to demonstrate that the address is not accurate or bears no relationship with the defendant. *See e.g.*, *Blessed Nest Baby v. Demir Furkan*, Case No. 26-20153 (alternate service granted where Plaintiff attempted to deliver food via food delivery service to the provided address); *See e.g.*, *Zuru (Singapore) Pte., Ltd. v. Individuals Identified on Schedule A Hereto*, No. 22-2483, 2022 WL 14872617, at *2 (S.D.N.Y. Oct. 26, 2022) (finding alternative process under

---

[1] The Court does not question that it is authorized to direct alternate process, that service of process via electronic means is not prohibited by international agreement, that Defendants have a valid means of electronic contact, or even that service by electronic means may be reasonably calculated to effectuate actual notice of the action.

Rule 4(f)(3) proper where plaintiff "conducted further online research, sent mail to the addresses, and conducted in-person visits" to determine whether physical addresses provided by Amazon were accurate)).

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 28th day of May, 2026.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:

Counsel of Record